**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**WAYNE WHITLEY AND
CATHY WHITLEY**                                                          **PLAINTIFFS**

**V.**                                          **3:11CV00168 JMM**

**TERMINIX INTERNATIONAL, INC.**                                    **DEFENDANT**

<u>**ORDER**</u>

Pending is the Defendant's Motion to Dismiss.  Plaintiffs have responded and the

Defendant has replied.  For the reasons set forth below, the Motion is DENIED.

I.        <u>Facts</u>

On September 27, 2007, Plaintiffs entered into a written contract with the Defendant for

retreatment of their home and repair of damage caused by subterranean termites.  On the same

day the Plaintiffs entered into an oral contract with the Defendant for fungus control services.

(Complaint, at p. 1).  Defendant treated the home with a pesticide specifically for fungus control,

installed nineteen (19) auto vents, installed three (3) power vents, and installed a crawl door.

(Complaint, at p. 2)  Agents for the Defendant purportedly reinspected the property annually.

(Complaint, at p. 2).

In October of 2010, Plaintiffs discovered fungus growth in the crawlspace of their home.

Plaintiffs filed suit in the Circuit Court of Craighead County, Arkansas on July 13, 2011.  The

Defendant timely removed the case to this Court.  Plaintiffs allege that the Defendant breached

the contract for fungus control by failing to protect Plaintiffs' property from fungus infestation.

Plaintiffs also allege that the Defendant was negligent in the protection of Plaintiffs' property.

II.       Standard for a Motion to Dismiss

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d 694, 710 (8th Cir. 2007).  "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

III.      Analysis

Defendant asks the Court to dismiss the Complaint because the applicable statute of limitation has run on the Plaintiffs' claims.  Defendant claims that the Plaintiffs entered into a one-time fungus control contract with them.  The services were performed on September 28, 2007.  The Complaint was filed three years and 9 months after the one-time contract.  The

Defendant states that the statute of limitations for breach of an oral contract and for negligence is three years.  Therefore, Plaintiffs' claims are barred by the statute of limitations.

However, Plaintiffs' Complaint does not state that the contract for fungal services was for one time only.  The Complaint states that the Defendant "purportedly reinspected the property annually."  (Complaint, at p. 2).  If the Defendant was responsible for annual inspections, the statute of limitations may not begin to run on the date of the initial oral contract, but instead upon a yearly renewal or new contract.  Therefore, the Court cannot say that the Plaintiffs' claims are barred by the statute of limitations at this time.  Defendant's Motion to Dismiss is denied.

IV.    <u>Conclusion</u>

For these reasons, Defendant's Motion to Dismiss (Docket # 3) is DENIED.

IT IS SO ORDERED this 3rd day of October, 2011.

James M. Moody
United States District Judge